THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
MONICA E. TAIT
Assistant United States Attorney
California Bar Number 157311
Asset Forfeiture Section
      1400 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-2931
      Facsimile: (213) 894-7177
      E-mail: Monica.Tait@usdoj.gov
Attorneys for Plaintiff
United States of America

JS - 6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>AN INTEREST IN THE REAL<br>PROPERTY LOCATED AT 17101-17111<br>HAWTHORNE BLVD., LAWNDALE,<br>CALIFORNIA,<br><br>       Defendant.<br>_____<br>HAWTHORNE REAL ESTATE, LLC,<br>f/k/a LAWNDALE CARWASH LLC, and<br>BENNY PIRIAN,<br><br>       Claimants.<br>_____ | NO.  CV 06-8040 R (CTx)<br><br>CONSENT JUDGMENT |

        The court having reviewed the stipulation of plaintiff

United States of America and claimants Hawthorne Real Estate,

LLC, f/k/a Lawndale Carwash LLC, and Benny Pirian requesting

entry of this order, IT IS HEREBY ORDERED AS FOLLOWS:

1.   The claimants in this action are Hawthorne Real Estate, LLC, f/k/a Lawndale Carwash LLC, and Benny Pirian.  Hawthorne Real Estate, LLC, f/k/a Lawndale Carwash LLC and/or Lawndale Carwash LLC is the titleholder for the real property located at 17101-17111 Hawthorne Blvd., Lawndale, California.

2.   On December 18, 2006, plaintiff United States of America commenced this judicial forfeiture action by filing a Complaint against the defendant, an Interest in the Real Property located at 17101-17111 Hawthorne Blvd., Lawndale, California (the "defendant property").  The Assessor's Parcel Numbers for the defendant property are 4081-028-032 and 4081-023-033, and a legal description of the property is attached to the parties' stipulation as Exhibit A.  The government's complaint alleged that the defendant property is traceable to funds involved in violations of 31 U.S.C. §§ 5324(a)(1) and (a)(3), and/or a conspiracy to commit one or more of these offenses, and an interest in the property is therefore subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2).  Hawthorne Real Estate, LLC, f/k/a Lawndale Carwash LLC, and Benny Pirian claim that they are the owners of the defendant property.  In light of the parties' stipulation, these claimants are excused from the necessity of filing an answer to the government's complaint.

3.   This Court has jurisdiction over the subject matter of the present action and over the parties to this agreement.

4.   The Complaint states a claim for relief against the defendant property under 31 U.S.C. § 5317(c).  Plaintiff has notified other potential claimants of this action pursuant to

2

Supplemental Rule G for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure.  Notice of forfeiture of the defendant was published on January 5, 12, and 19, 2007 in the Los Angeles Daily Journal in accordance with Supplemental Rule G(4)(a)(iv)(C).  Plaintiff United States has recognized the interests of Union Pacific Bank as assignee of Mirae Bank, arising from the deed of trust recorded September 1, 2006 on behalf of Mirae Bank in Los Angeles County as document number 06-1955584.  The parties have informed the court that Network Bank, whose claims the government recognized in its complaint for forfeiture, no longer has an interest in the defendant property; a copy of the full reconveyance of its prior interest is attached to the parties' stipulation as Exhibit B.  Other than those of the stipulating claimants, no claims have been filed to contest the forfeiture of the defendant, and the time for filing claims and answers has expired.  All potential claimants to the defendant other than Hawthorne Real Estate, LLC, f/k/a Lawndale Carwash LLC, Benny Pirian, and Union Pacific Bank are deemed to have admitted the allegations of the complaint.

     5.   It is the intention of plaintiff United States of America and the claimants to resolve all of their competing claims to the defendant property by their stipulation and this Consent Judgment.  By entering into the parties' stipulation, the stipulating claimants do not admit any factual or legal matter alleged in the government's complaint.  In settlement of this action, Hawthorne Real Estate, LLC, f/k/a Lawndale Carwash LLC, and Benny Pirian shall pay to the United States $150,000.00 as a substitute res for the defendant property (the "Settlement

Amount").

6.   The Settlement Amount shall be paid to the United States as follows ("the payment schedule"):

a.   $50,000.00 shall be paid not later than 10 calendar days after the Court enters and files this Consent Judgment, by delivering a cashier's check in that amount payable to "United States Treasury" to Chief, Asset Forfeiture Section, United States Attorneys' Office; 312 No. Spring St., 14th Floor; Los Angeles, CA 90012;

b.   In addition, claimants shall make 11 monthly payments, each in the amount of $8,333.33, on or before the first day of each and every month beginning September 1, 2009 and ending July 1, 2010;

c.   In addition, claimants shall pay a final payment in the amount of $8,333.37 on or before August 1, 2010; and

d.   Claimants may pay the then-unpaid balance of the Settlement Amount at any time without penalty.

All payments towards the Settlement Amount made pursuant to subparagraphs 6(b)-(d) shall be paid to the United States in a manner to be designated by the United States and communicated in writing to claimants' undersigned counsel by on or about August 10, 2009.  Until so designated, claimants may make any payment described by this Consent Judgment in the same manner as specified in subparagraph 6(a).

7.   The following terms and conditions shall apply to payment(s) of the Settlement Amount:

a.   All Settlement Amount funds paid shall become a

4

substitute *res* for a portion of the defendant property, and are immediately condemned and forfeited to the United States pursuant to paragraph 8.  To the extent any portion of the Settlement Amount is not timely paid in accordance with the payment schedule and paragraph 9 below is triggered, any prior payment(s) made is condemned and forfeited as part of the substitute *res* for the defendant property pursuant to paragraph 8, and the unpaid balance of the Settlement Amount shall be paid and forfeited to the United States in the manner set forth in paragraphs 8-9;

b.   Within 3 business days of timely receipt of the full Settlement Amount, an authorized agent of the United States will execute a notarized withdrawal of the Lis Pendens on the defendant property and will promptly deliver the executed document to undersigned counsel for claimants;

c.   Hawthorne Real Estate, LLC, f/k/a Lawndale Carwash LLC, and Benny Pirian agree that until the full Settlement Amount is paid (or, if paragraph 9 is triggered, until the property is sold), they will not take any action to affect the marketability of the defendant property.

8.   Upon the payment of all or part of the Settlement Amount, all right, title, and interest in the Settlement Amount (or portion thereof) of Hawthorne Real Estate, LLC, f/k/a Lawndale Carwash LLC, Benny Pirian, and all other potential claimants is hereby condemned and forfeited to the United States without further order of this Court, and the United States shall

5

have judgment as to the interests of these persons in the
Settlement Amount.   The Internal Revenue Service-Criminal
Investigation ("IRS-CI") shall dispose of the Settlement Amount
in accordance with law.

    9.   If Hawthorne Real Estate, LLC, f/k/a Lawndale Carwash
LLC, and Benny Pirian fail to timely pay the Settlement Amount in
full as specified in paragraphs 5-6, this paragraph 9 shall
apply:

    a.   The United States shall be entitled, in its sole
discretion and without the need for further court
order, to take possession of and undertake to sell the
property described in Exhibit A to the parties'
stipulation in a commercially reasonable manner in
order to recover the unpaid balance of the Settlement
Amount.

    b.   Upon the sale of the property, the proceeds are to be
distributed as follows:

    i.   First, for payment of all costs of sale
(including, but not limited to, real estate
commissions and appraisals);

    ii.   Second, for payment to the tax assessor's
office and tax collector for the County of
Los Angeles for any real property taxes due
and owing on the defendant property as of the
date of sale;

    iii. Third, for payment to Union Pacific Bank in
accordance with the terms of the deed of
trust in favor of Mirae Bank described in

1    paragraph 4 above;

2         iv.   Fourth, for payment to the United States of

3               the unpaid balance of the Settlement Amount.

4               All right, title, and interest of Hawthorne

5               Real Estate, LLC, f/k/a Lawndale Carwash LLC,

6               Benny Pirian, and all other potential

7               claimants in funds paid pursuant to this sub-

8               paragraph is hereby condemned and forfeited

9               to the United States without further order of

10              the Court.  The IRS-CI shall dispose of such

11              funds in accordance with law; and

12        v.    Fifth, the remaining sales proceeds, if any,

13              shall be paid via check payable to "Bird

14              Marella Boxer Wolpert Nessim Drooks &

15              Lincenberg" and shall be delivered to

16              undersigned counsel for claimants within 5

17              days of the close of escrow.

18   c.   In the event this paragraph 9 is triggered, the

19        IRS-CI, or its authorized agents, is hereby

20        empowered without the need for further court order

21        to terminate all leases affecting the defendant

22        property, to enter and take possession of the

23        defendant property by whatever reasonable means

24        are at its disposal, and evict all occupants and

25        remove their personal property.  Hawthorne Real

26        Estate, LLC, f/k/a Lawndale Carwash LLC and Benny

27        Pirian shall cooperate with all requests of

28        agencies of the United States and representatives

7

contracted by the United States for access to the
defendant property in connection with a sale
pursuant to this paragraph 9.

10.   Except as to such rights and obligations created by the
parties' stipulation, Hawthorne Real Estate, LLC, f/k/a Lawndale
Carwash LLC and Benny Pirian release and hold harmless the United
States, and any agents, servants, and employees of the United
States (or any state or local law enforcement agency) acting in
their individual or official capacities, from all claims, actions
or proceedings by them and their agents, including, but not
limited to, any claim for attorney's fees and/or costs, or
interest, which may hereafter be asserted or brought by or on
behalf of either of them which arise out of the present action.

11.   Except as to such rights and obligations created by the
parties' stipulation, and as to any civil tax liabilities or
criminal matters, the United States releases and holds harmless
Hawthorne Real Estate, LLC, f/k/a Lawndale Carwash LLC and Benny
Pirian from all claims, actions or proceedings against the
defendant property on the grounds alleged in the complaint,
including, but not limited to, any claim for attorney's fees
and/or costs, or interest, which may hereafter be asserted or
brought by or on behalf of the United States.

12.   Each party shall bear its own costs of litigation and
attorney's fees.  Each party waives its right to appeal the
consent judgment.  Entry of this Consent Judgment constitutes a
certificate of reasonable cause pursuant to 28 U.S.C.
§ 2465(a)(2).

13.   The Court retains jurisdiction over this case and the

1  parties hereto to effectuate the terms of the parties'

2  stipulation and this consent judgment.

3        14.   There being no just cause for delay, the clerk is

4  hereby directed to enter this consent judgment, which constitutes

5  a final judgment resolving this action.

6  IT IS SO ORDERED.

7  Dated: July 27, 2009        _____

8                             THE HONORABLE MANUEL L. REAL
                               United States District Judge

9

10

11  Presented by:

12  THOMAS P. O'BRIEN
    United States Attorney

13  By:  /s/_____.
         MONICA E. TAIT
14       Assistant United States Attorney
         Attorneys for Plaintiff
15       UNITED STATES OF AMERICA

16

17

18

19

20

21

22

23

24

25

26

27

28